131 F.3d 147
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jimmy K. LISTER, Plaintiff-Appellant,
v.
CITY of Sacramento; Sacramento Police Department,
Defendants-Appellees.
 No. 96-15920.
 United States Court of Appeals, Ninth Circuit.
 Submitted** October 6, 1997.
Decided Nov. 20, 1997.
 
 Appeal from the United States District Court for the Eastern District of California, D.C. No. CV-92-01157-WSB; William B. Shubb, District Judge, Presiding.
 Before FLETCHER, WIGGINS, RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Plaintiff-Appellant Jimmy Lister a Sacramento police officer, sued the City of Sacramento alleging violations of his free speech rights under the United States and California Constitutions Lister claimed that the City retaliated against him with harassment and baseless disciplinary measures for his public support of Measure S, a local ballot measure that would have consolidated the City and County of Sacramento governments. The district court granted Defendant-Appellee judgment as a matter of Law on Lister's 28 U.S.C. § 1983 claim and on his claim under the free speech clause of the California Constitution. We affirm.
 
 
 3
 A district court's grant of judgment as a matter of law under Rule 50 of the Federal Rules of Civil Procedure is reviewed de novo by the Court of Appeals. See EEOC v. Pape List, Inc., 115 F.3d 676, 680 (9th Cir.1997). Judgment as a matter of law is proper when the evidence permits only one reasonable conclusion. See Crowe v. Wiltel Communications Sys., 103 F.3d 897, 899 (9th Cir.1996). The evidence must be viewed in the light most favorable to the opposing party and all reasonable inferences drawn in favor of that party. See Amarel v. Connell, 102 F.3d 1494, 1521 (9th Cir.1996).
 
 
 4
 Only one of the alleged incidents of retaliatory harassment falls within the applicable statute of limitations: the so-called "Elm Street incident." There is no evidence to suggest that the documented counseling received by Appellant as a result of that incident was motivated by retaliation for his political beliefs. The evidence pertaining to the Elm Street incident does not lead to the reasonable conclusion that any part of the incident was a response to or was motivated by Lister's public support of Measure S. Therefore, we AFFIRM the district court's grant of judgment as a matter of law against Lister on all his claims.
 
 
 5
 AFFIRMED.
 
 
 
 **
 The panel finds this case appropriate for submission without argument pursuant to Fed. R.App. P. 34(a) and 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3